[882 NYS2d 171]

In the Matter of CHERYL K. BRODSKY (Admitted as CHERYL KIM BRODSKY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 16, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Cheryl K. Brodsky*, Bayside, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated April 8, 2008, which contains one charge of professional misconduct. After a preliminary conference on August 26, 2008 and a scheduled hearing on September 18, 2008, neither of which was attended by the respondent, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to discipline the respondent as the Court deems appropriate under the circumstances. The respondent has submitted an affirmation in opposition and a request to dismiss both the report of the Special Referee and the Grievance Committee's motion to confirm.

Charge one alleges that the respondent failed to comply with the lawful demands of the Court and the Grievance Committee in connection with its investigation into a complaint of profes-

sional misconduct filed against her, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about April 27, 2006, the Grievance Committee received a complaint from Paul J. Kenny, then Deputy Chief Court Attorney for the Supreme Court, Kings County. After conducting an investigation into the respondent's alleged professional misconduct, the Grievance Committee sought an order directing that she be examined by a qualified medical expert to determine whether she is incapacitated from continuing to practice law by reason of mental infirmity or illness. By decision and order dated January 24, 2007, this Court directed the Grievance Committee to arrange for such a medical examination. The Grievance Committee served that order upon the respondent and, directed her to contact Dr. Azariah Eshkenazi, who had agreed to examine her and to schedule an appointment. On or about February 6, 2007, the respondent called Dr. Eshkenazi and cancelled the appointment she had made.

The respondent's motion to vacate this Court's order directing her to be examined was denied by decision and order on motion of this Court dated June 14, 2007. The Grievance Committee served the respondent with that order and also apprised her of it via telephone. In that conversation, Grievance Counsel again directed the respondent to schedule an appointment with Dr. Eshkenazi. By letter dated June 21, 2007, Grievance Counsel confirmed the telephone conversation and again directed the respondent to schedule an appointment with Dr. Eshkenazi and to appear for an examination. On or about June 21, 2007, the respondent telephoned Dr. Eshkenazi and stated that she was not scheduling any appointment with him. She thereafter left a message for Grievance Counsel stating that she would again file opposition papers on this case. The respondent moved to vacate this Court's June 14, 2007 decision and order on motion which denied her motion to vacate its earlier order. By decision and order dated November 28, 2007, this Court denied that motion.

On or about November 30, 2007, the Grievance Committee served that order on the respondent and again directed her to schedule and keep an appointment with Dr. Eshkenazi. The respondent left a message on Grievance Counsel's answering machine on December 6, 2007, stating that "something is being prepared in reference to" the Grievance Committee's previous letter.

By letter to the Grievance Committee dated December 7, 2007, the respondent stated that she considered its pursuit of

this matter to be the criminal act of harassment and warned that she would file charges against Staff Counsel and any other person assisting him. To date, the respondent has failed to comply with the Court's decisions directing her to be examined by a qualified medical expert.

The respondent interposed an answer dated April 28, 2008, in which she asserted that the Grievance Committee lacks jurisdiction over her in that this is not an employment dispute and she is not an employee of the court system. She raised various alleged procedural errors without specifically addressing the charge.

The Special Referee concluded that the evidence submitted by the Grievance Committee at the hearing, which included three orders of this Court directing the respondent to schedule and appear for an examination by a mental health professional, established that the respondent did not comply with these or with the directions of the Grievance Committee. By failing to follow those orders and directives, the respondent violated DR 1-102 (a) (5) and (7). As such, the Special Referee properly sustained charge one and the Grievance Committee's motion to confirm that report is granted.

In opposing the Grievance Committee's motion, the respondent continues to maintain that no action against her was ever appropriate. According to the respondent:

> "Petitioner, in entering the above-mentioned motion, misstates facts with regard to the respondent's arguments, seeks to enter a charge against the respondent although a decision for a temporary suspension had been concluded, and insists upon doing so even though the respondent filed criminal charges against him for the pursuit of a matter that should not have begun, and the unscrupulous nonacceptance by Petitioner of this fact, and in the creation of a case to give it the appearance of concerns and matters that do not exist."

The respondent's argument notwithstanding, the legality of the Grievance Committee's investigation has been confirmed by the Court's issuance of the order directing the respondent's examination, the two orders denying her motions to vacate that order, and the order imposing the interim suspension and authorizing a disciplinary proceeding against her. Although afforded every opportunity to comply with the lawful demands of the Court and the Grievance Committee, the respondent

engaged in a pattern of contemptuous behavior. After being fully apprised of her right to appear at the disciplinary hearing to defend against the charge of professional misconduct, the respondent chose not to attend. Accordingly, she is in violation of an explicit directive of this Court that she be examined by a qualified medical expert, irrespective of whether or not she agrees with the underlying premise.

Although the respondent has no prior disciplinary history, her absence from the hearing and her failure to submit an answer directly addressing the factual allegations contained in the petition render those allegations uncontroverted.

In view of the respondent's repeated and contumacious failures to comply with the lawful demands of the Court and the Grievance Committee, she is suspended from the practice of law for a period of three years, pending further order of the Court and until she submits to the court-ordered examination by a qualified medical expert.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Cheryl K. Brodsky, admitted as Cheryl Kim Brodsky, is suspended from the practice of law for a period of three years, commencing July 16, 2009 and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof that during said period she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Cheryl K. Brodsky, admitted as Cheryl Kim Brodsky, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its

application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Cheryl K. Brodsky, admitted as Cheryl Kim Brodsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).